Mike Rodenbaugh
California Bar No. 179059
Marie McCann
California Bar No. 292962
RODENBAUGH LAW
548 Market Street – Box 55819
San Francisco, CA  94104
(415) 738-8087

Attorneys for Plaintiff Virtual Point Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRTUAL POINT INC. dba CAPTIVE MEDIA, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH ROSENZWEIG, an individual, and DOE DEFENDANTS 1-10,<br><br>Defendants. | Case No. 8:14-cv-924<br><br>**COMPLAINT FOR:**<br><br>1. Declaratory Judgment of no Trademark Infringement, Unfair Competition or violation of the Anticybersquatting Consumer Protection Act and that Plaintiff is the rightful holder of the <ALFinancial.com> domain name;<br><br>2. Fraudulent Misrepresentation;<br><br>3. Wire Fraud;<br><br>4. Federal Common Law Unfair Competition; and<br><br>5. Unfair Competition (Cal. Bus. & Prof. Code Sec. 17200).<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Virtual Point Inc. dba Captive Media ("Plaintiff"), by its attorney, for its Complaint alleges:

Complaint - 1

**NATURE OF ACTION**

This action seeks a declaratory judgment that Plaintiff's registration and use of its valuable domain name property <ALFinancial.com> (hereinafter the "Domain Name") does not constitute trademark infringement, unfair competition, or violation of the Anti-cybersquatting Consumer Protection Act ("ACPA"), and that Plaintiff is the rightful registrant of the Domain Name.  This action also seeks relief for Defendant Joseph Rosenzweig's ("Defendant") and/or Doe Defendants' bad faith actions constituting fraudulent misrepresentation, wire fraud, federal common law unfair competition, and unfair competition in violation of California Business & Professions Code Sec. 17200 *et seq*.

**JURISDICTION AND VENUE**

1. Pursuant to 28 U.S.C. §§ 2201(a) and 2202, Plaintiff seeks a declaration and judgment regarding its rights and obligations in an actual controversy within this Court's jurisdiction, concerning Plaintiff's rights in and to the Domain Name.  Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question under 28 U.S.C. § 1338(a), the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the ACPA, 15 U.S.C. § 1125(d), giving this Court original and exclusive jurisdiction in a civil action arising under the trademark and cybersquatting laws, and federal unfair competition law of the United States.  Pendent jurisdiction exists over the state law claims.

2. This Court has personal jurisdiction over Defendant because the Defendant has sufficient contacts with the State of California and this Judicial District subjecting it to the general and specific personal jurisdiction of this Court pursuant to Cal. Code Civ. Pro. § 410.10.  Defendant has purposefully availed itself to this forum through general business presence and by threatening Plaintiff with legal action to force the transfer of the Domain Name.

3. Venue is proper in this Judicial District under 28 U.S.C §§ 1391, because the Court has personal jurisdiction over the Defendant and because Plaintiff's claims arise from Defendant's activities in and/or targeted to this District.

## THE PARTIES

4. Plaintiff Virtual Point, Inc. is a California corporation with its principal place of business in Irvine, California, dba Captive Media.

5. Plaintiff is a web development company who has developed several businesses and websites including without limitation: UDRPsearch.com, Gamex.com, CrosswordGames.com, Racex.com, Frip.com, Y10.com, and ShakeItUp.com.

6. Upon information and belief, Defendant Joseph Rosenzweig is an individual with a residence at ---- --------- -----, Houston, TX -----.

7. Upon information and belief, Doe Defendants include Defendant's principal and/or others acting in concert with Defendant in some or all of the tortious actions described herein.

## FACTUAL BACKGROUND

### Introduction

8. Domain Names are essentially Internet Protocol addresses that point and direct Internet users to their desired destination, and they are valuable pieces of property that many liken to the new "real estate" of our burgeoning virtual society. Domain name and website development is a legitimate and important industry. Plaintiff is a prominent and respected web development company.

9. In recent years, overreaching trademark owners have sought to capitalize on this thriving market by filing baseless trademark infringement lawsuits or taking advantage of the administrative system set up by ICANN (the California corporation that administers the Domain Name System ("DNS")), and using them to intimidate domain name holders into

transfer; essentially to swipe valuable descriptive, generic, keyword and/or dictionary domain names away from their rightful owners. These abusive lawsuits are threatening meaningful development of domain name and Internet investment and innovation.

10. Such is the situation that is before the Court in this Complaint. Defendant has threatened to file a Uniform Domain-Name Dispute Resolution Policy action ("UDRP action"), accusing Plaintiff of lacking a legitimate business interest in the Domain Name and registering the Domain Name in bad faith. Such claims also equate to trademark infringement and cybersquatting claims under U.S. federal law.

11. These serious and baseless accusations and threats establish an actual controversy between the parties, impair the value of the Domain Name property, and constitute an attempt to reverse hijack that property from Plaintiff; and thus Plaintiff requests that this Court grant declaratory and affirmative relief in its favor.

### Plaintiff's Use of the Domain Name

12. Plaintiff, dba Captive Media, acquired the Domain Name <ALFinancial.com> in good faith, as it was originally registered in November 2003.

13. Plaintiff did not register the Domain Name with the intent to sell it to Defendant. Plaintiff has never offered to sell the Domain Name to Defendant, except in response to Defendant's unsolicited request to purchase the name. Nor has Plaintiff attempted to disrupt the Defendant's business by confusing consumers trying to find the Defendant's website, or otherwise. Plaintiff has not knowingly used the Domain Name in connection with goods or services that may be related to Defendant's business. Content at the website associated with the Domain Name has never been focused upon Defendant, Defendant's business, or Defendant's competitors. There are many other very similar domain names registered to persons other than Defendant, indicating other domain name registrants with legitimate and relevant rights, including without limitation the following:

ALFINANCIAL.NET

1. ALFINANCIAL.US
2. ALFINANCIALCORP.COM
3. A-LFINANCIALCORP.COM
4. ALFINANCIALGROUP.COM
5. ALFINANCIALNETWORK.COM
6. ALFINANCIALAID.COM
7. ALFINANCIALLYFIT.COM
8. ALFINANCE.COM
9. AL-FINANCE-JOBS.COM
10. ALFINANCELTD.COM
11. AL-FINANCE-RESUMES.COM
12. ALFINANCES.COM

<u>Defendant's Activities That Create a Justiciable Controversy</u>

14. On February 14, 2014, Defendant contacted Plaintiff and inquired whether Plaintiff was interested in selling the Domain Name.

15. That same day, Plaintiff informed Defendant that the Domain Name was not currently for sale. Plaintiff did, however, invite defendant to make an offer for Plaintiff's consideration.

16. On February 18, 2014, Defendant informed Plaintiff that his principal declined to make an offer to purchase the Domain Name.

17. On June 3, 2014, almost four months after the initial communication, Defendant again contacted Plaintiff and stated that his principle offered to pay $500 for the Domain Name.

18. On June 6, 2014, Plaintiff informed Defendant that Plaintiff would sell the Domain Name for $8,000.

19. On June 9, 2014, Defendant informed Plaintiff that his principal would only pay $1,000 for the Domain Name.  Moreover, Defendant informed Plaintiff that his principal had "quite a bit of evidence" that the Domain Name was being "squatted-on" by Plaintiff and that his principal wanted to "avoid going the UDRP route, which would cost about $1,000 anyway."

20. Plaintiff responded that it was unclear why Defendant was making references to commencing a legal action.  Plaintiff further requested that Defendant inform Plaintiff of his own, his principal's and his principal's attorney's contact information.  Plaintiff also requested that Defendant indicate his principal's affiliation, if any, with a number of similar domain names.

21. Defendant responded that his principal said they had "plenty of evidence to obtain the [Domain Name] via UDRP . . ."

22. Plaintiff responded to Defendant and informed him that they considered these claims to be Defendant's alone because he had not provided any contact information for his principal or his principal's attorney, nor had he provided any evidence that he represented anyone other than himself.  Plaintiff also instructed Defendant to serve any documents relating to the threatened UDRP action upon Plaintiff's attorney and provided the appropriate contact information.  Plaintiff also informed Defendant that Plaintiff would be filing a federal lawsuit against Defendant.

## COUNT I:  CLAIM FOR DECLARATORY RELIEF

23. Plaintiff realleges paragraphs 1-22 of this Complaint.

24. Plaintiff rightfully registered the Domain Name in good faith, and with no intent to sell the Domain Name to Defendant.

25. Plaintiff believed and had reasonable grounds to believe that the registration and its use of the Domain Name was and is lawful.

26. Defendant's principal (currently Doe Defendant herein), through its agent the Defendant, has threatened to initiate administrative proceedings alleging that Plaintiff registered and used the Domain Name in bad faith and in violation of trademark, cybersquatting and unfair competition laws.

27. A justiciable controversy exists between Plaintiff and Defendant.

28. To resolve this actual controversy, Plaintiff seeks a declaration and judgment that it is not infringing Defendant's trademark rights or those of any Doe Defendant who may be identified in this action, that Plaintiff is not violating unfair competition laws and/or the ACPA, that its registration and use of the Domain Name is a good faith use, and that Plaintiff is the rightful owner of the Domain Name.

## COUNT II: FRAUDULENT MISREPRESENTATION

29. Plaintiff realleges paragraphs 1-28 of this Complaint.

30. Defendant represented to Plaintiff that his principal had evidence that Plaintiff acted in bad faith in registering and using the Domain Name.

31. Upon information and belief, this representation was false, and Defendant knew such a representation to be false because Defendant refused to provide any contact information for either his principal or his principal's attorney, nor did Defendant provide any such evidence of bad faith by Plaintiff.

32. Defendant intended Plaintiff to rely on such false representation to force Plaintiff into selling the Domain Name property in order to avoid legal action.

33. Plaintiff relied on Defendant's representation, forcing Plaintiff to file this lawsuit to clear the cloud over Plaintiff's title to the Domain Name.

34. As a result, Plaintiff has suffered damages in an amount to be proved at trial including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless claims.

//

## COUNT III: WIRE FRAUD

35. Plaintiff realleges paragraphs 1-34 of this Complaint.

36. Defendant knowingly devised a plan to obtain Plaintiff's valuable domain name property when he threatened Plaintiff with a UDRP action and stated that his principal had evidence that Plaintiff acted in bad faith when registering and using the Domain Name.

37. Such statements were material and as a result of such statements Plaintiff was forced to file the instant action to protect its valuable Domain Name property.

38. Defendant acted with the intent to defraud Plaintiff because he knew such statements were false, and made them in an effort to force Plaintiff to sell the Domain Name property.

39. Defendant used wire communications when making such statements when he communicated with Plaintiff via the Internet.

40. As a result, Plaintiff has suffered damages in an amount to be proved at trial including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless claims.

## COUNT IV:  CLAIM FOR COMMON LAW UNFAIR COMPETITION

41. Plaintiff realleges paragraphs 1-40 of this Complaint.

42. Defendant's principal has threatened to initiate administrative proceedings against Plaintiff, contending that Plaintiff registered and used the Domain Name in bad faith and in violation of trademark, cybersquatting and unfair competition laws.

43. Defendant's wrongful and baseless accusations have created a cloud on Plaintiff's title to the Domain Name, impairing its value and transferability.

44. As a result of Defendants' past and continued wrongful acts, Defendant has violated federal common law of unfair competition.

45. Consequently, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless claims.

### COUNT V:  CLAIM FOR UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE SEC. 17200 *et seq.*

46. Plaintiff realleges paragraphs 1-45 of this Complaint.

47. Defendants' wrongful acts, as described in this Complaint, are unlawful, unfair and fraudulent, and cause damage to Plaintiff and injure its business, in violation of section 17200 *et seq.* of the California Business and Professions Code.

48. As a result of Defendants' past and continued wrongful acts, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless claims.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. a declaration that Plaintiff is not infringing the trademark rights of Defendant;

b. a declaration that Plaintiff is not violating unfair competition law;

c. a declaration that Plaintiff is not violating the ACPA;

d. a declaration that Plaintiff registered and used the Domain Name in good faith and is the rightful registrant of the Domain Name;

e. a finding awarding Plaintiff monetary compensation for damages sustained by Defendants' wrongful actions as alleged in this Complaint;

f. an award of reasonable attorneys' fees and expenses; and,

g. such other and further relief as the Court may deem just and proper.

//

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that all issues in this case be decided by a jury.

Dated:      June 13, 2013                    RODENBAUGH LAW

By: _/s/ Mike Rodenbaugh_
Mike Rodenbaugh
RODENBAUGH LAW
584 Market Street
San Francisco, CA  94104
Tel/fax:  (415) 738-8087

Attorney for Plaintiff
Virtual Point Inc.